# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Chidi N. Anunka,                                    Civ. No. 13-3626 (JNE/JJG)

                 Plaintiff,

v.                                                  REPORT AND RECOMMENDATION


Greyhound Lines, Inc.,

                 Defendant.

_____

JEANNE J. GRAHAM, United States Magistrate Judge

      The above-captioned case is before the Court on Defendant Greyhound Line, Inc.'s Motion to Dismiss (ECF No. 2). Plaintiff Chidi N. Anunka[1] ("Anunka") is suing his former employer, Greyhound Lines, Inc. ("Greyhound") seeking reimbursement for expenses from 2009. Greyhound filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6) on January 23, 2014. The motion was referred to the undersigned United States Magistrate Judge by the Honorable Joan N. Ericksen, United States District Judge, in an Order of Reference dated January 24, 2014 (ECF No. 8). For the reasons set forth below, the motion is granted.

_____

[1] Anunka is proceeding pro se, but is an experienced litigant. *See, e.g.*, *Anunka v. City of Burnsville*, Civ. No. 12-2071 (DWF/JJG), 2012 WL 6861357 (D. Minn. Nov. 6, 2012), *adopted by*, 2013 WL 160215 (D. Minn. Jan. 15, 2013), *aff'd*, 534 F. App'x 575 (8th Cir. 2013); *Anunka v. Crum & Forster Indemnity*, Civ. No. 10-488 (ADM/SRN), slip op. at 1 (D. Minn. May 20, 2010); *Ebersen, Inc. v. City of Minneapolis*, Civ. No. 03-6482 (RHK/AJB), 2004 WL 483165 (D. Minn. Mar. 11, 2004); *Anunka v. Campbell*, Civ. No. 00-1030 (JRT/FLN), slip op. at 4 (D. Minn. Dec. 26, 2000), *aff'd*, 13 F. App'x 475, 476 (8th Cir. 2001), *cert. denied*, 535 U.S. 1039 (2002), *reh'g denied*, 539 U.S. 984 (2003).

## I.      Facts Alleged in the Complaint

In 2009, Anunka was employed by Greyhound as an operator. (Compl. at 4, Dec. 26, 2013, ECF No. 1.) On July 3, 2009, he drove from Minneapolis, Minnesota, to Milwaukee, Wisconsin, and on October 3, 2009, he drove from Minneapolis to Kansas City, Missouri. (*Id.*) On both dates, hotels rooms were designated for operators such as Anunka, but when he arrived there were no rooms available for him. (*Id.*) On both occasions, Greyhound authorized Anunka to pay "[h]otel market rate if available," and Greyhound would reimburse Anunka, provided Anunka submitted receipts. (*Id.*) Anunka did as instructed, but Greyhound allegedly subsequently refused to reimburse him.[2] Each time Anunka requested reimbursement, Greyhound refused to pay and instead responded with "[Department] of Transportation log violation intimidations or work suspension."[3] (*Id.*)

In 2012, Anunka contacted the Minnesota Attorney General, seeking reimbursement from Greyhound. Greyhound responded that it was unaware of the expenses incurred. (*Id.*) Anunka sent the receipts to Greyhound, but Greyhound refused reimbursement. (*Id.*)

Although Anunka's causes of action are not readily apparent, construing his complaint liberally, he alleges fraud, breach of contract, and violation of Minn. Stat. § 177.24 (governing minimum wage).[4] (*Id.*) Anunka asserts he was defrauded through Greyhound's threats of termination and denial of reimbursement, which bolstered Greyhound's financial situation, while weakening Anunka's. (*Id.*) He seeks $475,000 for "income loss and damage

---

[2] The total expenses incurred between the two trips were approximately $300. (Pl.'s Mem. Opp. Mot. Dismiss at 3-4, Feb. 12, 2014, ECF No. 11.)

[3] Anunka asserts that his employment was terminated in early 2010. (*Id.* at 4.)

[4] As bases for jurisdiction, Anunka marked both federal question and diversity jurisdiction. To establish diversity jurisdiction, two requirements must be satisfied: the matter in controversy must exceed $75,000 and complete diversity must exist. *See* 28 U.S.C. § 1332(a). It appears that complete diversity of citizenship exists and that the amount in controversy is more than $75,000. Thus, federal jurisdiction is proper.

associated with debt default obligations and bad credit caused by breach of contract in addition to fraudulent practices to evade reimbursement." (*Id.* at 5.)

**II.    Anunka's Filings**

As an initial matter, the Court addresses the filings of Anunka in opposition to the present motion. Following Greyhound's motion to dismiss, Anunka filed a memorandum in opposition to the motion on February 12 (ECF No. 11) and Greyhound filed its reply memorandum on February 27 (ECF No. 17). On March 7 and March 18, Anunka filed additional memoranda (ECF Nos. 19, 26). Local Rule 7.1 provides that a response memorandum must be filed and served within 21 days after the filing of the dispositive motion. Anunka's original response was timely, but his two subsequent responses were both late by a large margin and were filed after Greyhound's reply memorandum. Accordingly, the Court will consider Anunka's original memorandum as the operative memorandum in opposition of Greyhound's motion.

**III.    Discussion**

**A.      Dismissal Pursuant to Rule 12(b)(6)**

When considering a motion to dismiss brought pursuant to Rule 12(b)(6), the Court accepts as true the facts alleged in the Complaint and construes all reasonable inferences in the light most favorable to the plaintiff. *See Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the plaintiff

must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, on a Rule 12(b)(6) motion, a court may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). A court may make exceptions for matters of public record, judicial orders, documents necessarily embraced by the pleadings, and exhibits attached to the pleadings, as long as those documents do not conflict with the complaint. *Id.* Pro se complaints are construed liberally, but the Court may not supply additional facts or fashion a legal theory that assumes facts that have not been pleaded. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

### 1. Statute of Limitations

Greyhound argues that Anunka's claims should be dismissed because Anunka seeks to recover wages, and such actions are subject to the two-year statute of limitations described in Minn. Stat. § 541.07(5). In contrast, Anunka argues that the six-year statute of limitations under Minn. Stat. § 541.05, subd. 1(1), applies to his claims.

The six-year statute of limitations applies in actions "upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed." Minn. Stat. § 541.05, subd. 1(1). One expressly prescribed limitation is the two-year limitation on claims "for the recovery of wages or overtime or damages, fees, or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees, or penalties." Minn. Stat. § 541.07(5). "Wages" are defined as "all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists." *Id.*

Greyhound accurately highlights that Minnesota courts have interpreted the statute of limitations provision to apply broadly to claims where the alleged damages flow from a breach of the employment relationship. *See Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 371 (8th Cir. 1997) (noting that, although no Minnesota court has addressed whether wages under § 541.07(5) include severance benefits, Minnesota courts consistently hold that all damages arising out of the employment relationship are subject to § 541.07(5)); *Waters v. Cafesjian*, 946 F. Supp. 2d 876, 883 (D. Minn. 2013) (describing that wages under § 541.07(5) "include payment for accrued holiday, vacation, and sick days"); *Medtronic v. Shope*, 135 F. Supp. 2d 988, 990 (D. Minn. 2001) (determining that stock certificates issued to defendant constitute wages under § 541.07(5) and thus defendant's action was time-barred).

Although a variety of claims have fallen victim to the § 541.07(5) statute of limitations, a 2008 unpublished Minnesota Court of Appeals opinion not cited by the parties declined to apply the two-year limitation to an employment-related matter. *See Beam v. Stamer*, No. A07-0484, 2008 WL 314546, at *2-3 (Minn. Ct. App. Feb. 5, 2008) (applying six-year statute of limitations to employee's claim for reimbursement of mileage expenses and distinguishing wage cases applying shorter limitations periods). *Beam* involved an arrangement by which the employer would pay the employee an hourly wage, as well as reimbursement for mileage because the employee drove his own vehicle, rather than an employer-provided vehicle. *Id.* at *1. After the employee sued the employer for unpaid mileage, the district court found that the arrangement was a loan because the employer would not pay the employee in cash for the mileage, but instead would "consider the mileage owed as a loan back to [the employer], which would accrue interest." *Id.* at *2. Despite this, the

5

district court found that the loan, as part of the employment agreement, was subject to the two-year statute of limitations. *Id.* On appeal, the appellate court reversed, determining that it was immaterial whether the loan was part of the employment agreement because the arrangement was one for reimbursement, and reimbursement is not included in the definition of wages. *Id.* at *2-3. The court explained, "[r]eimbursement is provided to *replace money spent or losses incurred*, whereas wages are provided as compensation *for services*" and, as such, § 541.07(5) did not limit the claim. *Id.* (emphasis in original).

*Beam* was not cited by either party and, as an unpublished case, is not precedential. Minn. Stat. § 480A.08, subd. 3. Moreover, the present facts are distinguishable from *Beam*, most apparently because there is no argument that this is a loan arrangement. Instead, the present claim for reimbursement arises out of the employment relationship and centers on wages. *See Kulinski*, 112 F.3d at 371-72 ("all damages arising out of the employment relationship are subject to [§ 541.07(5)]") (quoting *Stowman v. Carlson Companies, Inc.*, 430 N.W.2d 490, 493 (Minn. Ct. App. 1988)). Evaluating the facts alleged and the relevant law, the Court determines that the two-year statute of limitations applies. *See Botten v. Shorma*, 440 F.3d 979, 980-81 (8th Cir. 2006) ("Where the gravamen of the action is a breach of an employment contract, the claim is essentially a claim for wages subject to the two-year statute of limitations period set forth in Minn. Stat. § 541.07(5).").

This conclusion is bolstered by Anunka's assertions in his response memorandum that the lack of reimbursement caused his pay to fall below minimum wage. The Court notes that Anunka's response memorandum contradicts itself by contending that the case "is not about wage reimbursement" but also provides that the lack of reimbursement "reduced wage rate to net zero if not negative hourly rate." (*See* Pl.'s Mem. Opp. Mot. Dismiss at 2.) In any case,

Anunka's minimum wage claim is time-barred. *See Roble v. Celestica Corp.*, Civ. No. 06-2934 (JRT/FLN), 2006 WL 3858396, at *2 (D. Minn. Dec. 29, 2006) (discussing that the Minnesota Fair Labor Standards Act, which includes Minn. Stat. § 177.24, "require[s] that a cause of action for unpaid wages be brought within two years of the date the action is accrued").

### 2.    Fraud

Anunka's complaint alleges fraud, specifically that he was "defrauded through [Greyhound's actions] to finance Corporation at employee expense using intimidation and termination tactics to evade reimbursement in hard economic times." (Compl. at 4.)

Any allegation of fraud or misrepresentation must be pled with particularity. Fed. R. Civ. P. 9(b); *Juster Steel v. Carlson Cos.*, 366 N.W.2d 616, 618-19 (Minn. Ct. App. 1985). To satisfy Rule 9(b), the pleading must include, at minimum, "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982); *accord United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003) (stating that a party must typically identify the "who, what, where, when, and how" of the alleged fraud).

Even in light of the liberal construction afforded to pro se pleadings, Anunka has not pled fraud to the extent necessary to survive a motion to dismiss. He merely uses the words "fraudulent" and "defrauded," which are insufficient to survive dismissal. *See U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (discussing that conclusory

allegations that conduct was fraudulent and deceptive are insufficient to satisfy Rule 9(b)).

Accordingly, Anunka's fraud claim fails.[5]

### 3.    Breach of Contract

Greyhound next argues Anunka's claims are preempted by the Labor Management

Relations Act (LMRA). The LMRA completely preempts state-law claims "founded directly

on rights created by collective-bargaining agreements, and also claims substantially dependent

on analysis of a collective-bargaining agreement." *Shuver v. Midamerican Energy Co.*, 154

F.3d 795, 799 (8th Cir. 1998); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209

(1985) (noting that the LMRA contains "a congressional mandate to the federal courts to

fashion a body of federal common law to be used to address disputes arising out of labor

contracts"). If the state law claim is "inextricably intertwined with consideration of the terms

of the labor contract," that claim is preempted. *Hanks v. Gen. Motors Corp.*, 906 F.2d 341,

343 (8th Cir. 1990) (citing *Allis-Chalmers*, 471 U.S. at 213).

The contract that Anunka alleges is breached is the collective bargaining agreement

(CBA) effective between June 1, 2007, and January 31, 2010. (Parker Decl. Ex. D, Jan. 23,

2014, ECF No. 5.) The Court considers the CBA as a document "embraced by the pleadings"

that is not in conflict with the complaint. *See Porous*, 186 F.3d at 1079. Anunka highlights

Article G-24 of the CBA, which discusses reimbursements and provides that "[a]ll moneys

---

[5] The Court also determines that this claim is unlikely to be cured based on the vague pleading of the claim. As such, the Court recommends the claim be dismissed with prejudice. *See Ikechi v. Verizon Wireless*, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797, at *5 n.6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of fraud claim because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791, at *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation regarding dismissal of fraud claims for failure to satisfy Rule 9(b)).

spent by employees, which are chargeable to the Company, will be reimbursed immediately." (Pl.'s Mem. Opp. Mot. Dismiss at 2; *see also* Parker Decl. Ex. D at 9.)

Here, because the breach-of-contract claim is "inextricably intertwined" with the CBA, it is preempted by LMRA. The contract that Anunka alleges was breached is the CBA, and thus determination of the obligations required by the contract would require interpretation of the CBA's terms. *See Williams v. Nat'l Football League*, 582 F.3d 863, 881 (8th Cir. 2009) (noting that claims were preempted because plaintiffs could not establish claims without resorting to the CBA). The Court notes that, to the extent Anunka argues the denial of reimbursement under the CBA was fraudulent, this claim is also preempted. *See Williams v. George P. Reintjes Co., Inc.*, 361 F.3d 1073, 1074 (8th Cir. 2004) ("[O]ne principle is firmly established—§ 301 preempts state law tort claims "'founded directly on rights created by collective-bargaining agreements'") (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 n.10 (1988)). Thus, the fraud and contract claims should be dismissed as preempted. *See Allis-Chalmers*, 471 U.S. at 220-21 (holding that where state-law claim requires analysis of terms of labor agreement, court may either treat claim as a § 301 claim or dismiss claim as preempted); *Conrad v. Xcel Energy, Inc.*, Civ. No. 12-2819 (PJS/FLN), 2013 WL 1395877, at *8 (D. Minn. Apr. 5, 2013) (determining a state law claim was preempted by

the LMRA and subsequently dismissing it with prejudice).[6]

## IV.    Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Greyhound Line, Inc.'s Motion to Dismiss (ECF No. 2) be **GRANTED**;

2. This case be **DISMISSED WITH PREJUDICE**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: May 14, 2014                                         s/ *Jeanne J. Graham*
                                                   JEANNE J. GRAHAM
                                                   United States Magistrate Judge

---

[6] Greyhound also argues dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(5) because Anunka failed to adhere to Rule 4, which requires a plaintiff to serve a defendant with both a summons and complaint. *Tran v. Minn. Dep't of Transp.*, Civ. No. 06-108 (DSD/JJG), 2006 WL 2917037, at *4 (D. Minn. Oct. 11, 2006), *aff'd*, 259 F. App'x 901 (8th Cir. 2008). "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc., v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). Greyhound asserts that Anunka did not accomplish or attempt service by the approved methods, but instead mailed the complaint, without a summons, to Greyhound's agent for service of process using the certificate of service form intended for motion papers after pleadings have been served. The Clerk's Office CM-ECF entry for the complaint includes the note "No summons requested" and Anunka's certificate of service provides that he mailed a copy of the complaint to Greyhound's legal department, but includes no mention of the summons. Thus, Anunka has not accomplished proper service. Therefore, even if Anunka's complaint was not dismissed for other reasons, dismissal would be warranted because he did not satisfy the service requirements of Rule 4.

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 3, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.