UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chidi N. Anunka,

       Plaintiff,

v.                                                            Civil No. 13-3626 (JNE/JJG)

Greyhound Lines, Inc.,

       Defendant.

---

ORDER ON ADDITIONAL BRIEFING

This matter is before the Court on the magistrate judge's May 14, 2014, report and recommendation. The magistrate judge recommended granting Defendant Greyhound Lines, Inc.'s motion to dismiss the *pro se* complaint filed against it by Plaintiff Chidi N. Anunka. According to the complaint, Anunka was a "Greyhound Operator" and incurred hotel expenses in connection with his job on July 3, 2009, and October 3, 2009, for which Greyhound failed to reimburse him. With his complaint, he seeks damages for the failure to reimburse his travel expenses. Plaintiff objected to the magistrate judge's report and recommended dismissal of his complaint. The required review of the record, *see* D. Minn. LR 72.2(b), raises a question about whether the Court has subject matter jurisdiction over Plaintiff's action. That question must be satisfactorily answered in the affirmative before the Court may rule on the viability of the complaint.

Based on check marks on the complaint form, Anunka contends that "federal question" and "diversity of citizenship" establish subject matter jurisdiction over his complaint. The

complaint, however, fails to identify any federal constitutional, statutory, or treaty right at issue.[1]

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). The complaint seeks damages of $475,000, but Anunka's opposition to Greyhound's motion to dismiss reveals that the reimbursement amounts at issue are $131.45 for the July 3, 2009, trip and $173 for the October 3, 2009, trip. *See* ECF No. 11 at 3-5. The complaint lacks any allegations that might support a reasonable inference that any amount in excess of $75,000 is actually at issue—let alone $400,000 in excess of it—and courts "do not assume the claimed amount is the actual amount in controversy." *See James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). When "the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Missouri ex rel. Pemiscot County v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). Anunka has invoked federal jurisdiction by filing his action in this Court and bears the burden of establishing that the required jurisdictional amount-in-controversy is met.

Although the complaint does not specifically identify Anunka's cause or causes of action, the crux of his proffered grievance is a breach of contract claim, i.e. that Greyhound failed to reimburse his hotel expenses of approximately $300 as it had agreed to do. The complaint also includes passing references to "fraudulent" actions by Defendant and a reference to a violation of Minn. Stat. § 177.24, which specifies minimum wage requirements. In light of the present record, none of the three potential causes of action—breach of contract, fraud, or a minimum

---

[1] In response to the form's question about the basis for federal question jurisdiction, the complaint states "Interstate Commerce issue/Breach of Contract; defendant failed to reimbursed Corporate expenses using fraudulent practices to evade reimbursement across State line." ECF No. 1 at 3.

wage violation—appear to give rise to a claim for damages that could satisfy the jurisdictional amount.[2]

Accordingly, Anunka may file a memorandum and any relevant evidence to support the complaint's contention that the Court has subject matter jurisdiction over it.  Any such submission must be made by August 4, 2014.  Greyhound may make a responsive submission by August 8, 2014, on the issue of subject matter jurisdiction, should it wish to do so.  At that time the Court will make a determination on subject matter jurisdiction.  If Anunka fails to make the requisite showing that establishes subject matter jurisdiction, the complaint will be dismissed, as it must be under Federal Rule of Civil Procedure 12(h)(3).

Therefore, IT IS ORDERED THAT:

1. Plaintiff Anunka may file a memorandum and accompanying materials on or before August 4, 2014, to address the issue of the Court's subject-matter jurisdiction over Plaintiff's claims.

2. Defendant Greyhound may file a responsive memorandum and accompanying materials on or before August 8, 2014.

---

[2] The $304.45 amount for the alleged unreimbursed travel expenses would factor critically into any damages theory under the potential causes of action.  For example, "[u]nder Minnesota law, damages for breach of contract are traditionally measured by the nonbreaching party's loss of expected benefits under the contract."  *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 986 (8th Cir. 2008) (internal quotation marks omitted); *see also Thomas & Wong Gen. Contr. v. Lake Bank, N.A.*, Civ. No. 06-515, 2009 U.S. Dist. LEXIS 111252, at *25 (D. Minn. Dec. 1, 2009) ("Under Minnesota law, the measure of damages for breach of contract is the amount of money that will place the non-breaching party in the same position as if the contract had not been breached.").  In fraud cases, Minnesota generally uses the "out-of-pocket" approach to calculate damages, which is "the difference between what is given and what is received."  *See Jensen v. Peterson*, 264 N.W.2d 139, 142 (Minn. 1978).  In a civil action seeking redress of a violation of Minn. Stat. § 177.24 for failure to pay the minimum wage, an employer is liable for "the full amount of the wages … less any amount the employer is able to establish was actually paid to the employee and for an additional equal amount as liquidated damages."  Minn. Stat. § 177.27, subd. 8.  In light of the $304.45 reimbursement amount at issue, it does not, at present, seem plausible that Plaintiff has an actual claim for additional amounts such that the amount in controversy would exceed $75,000.

Dated:  July 23, 2014

                                                    s/Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge