UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chidi N. Anunka,

    Plaintiff,

v.                                                Civil No. 13-3626 (JNE/JJG)
                                               ORDER

Greyhound Lines, Inc.,

    Defendant.

This matter came before the Court on a May 14, 2014, report and recommendation from the magistrate judge that recommended granting Defendant Greyhound Lines, Inc.'s ("Greyhound") motion to dismiss the *pro se* complaint filed against it by Plaintiff Chidi N. Anunka. Plaintiff objected to the report and recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the recommendation of dismissal, for the reasons stated below.

**BACKGROUND**

With his complaint, Anunka alleges that he incurred certain hotel expenses on July 3, 2009, and October 3, 2009, as a "Greyhound Operator," for which Greyhound failed to reimburse him, even though it had agreed to do so. The complaint does not specifically identify the cause or causes of action that he asserts, but does refer to a contractual breach, fraudulent actions, and a violation of Minnesota Statutes § 177.24, relating to state minimum wage requirements. The factual allegations are contained in a paragraph that reads as follows:

> On July 3, 2009; Plaintiff former Greyhound Lines, Inc. (GLI) Operator scheduled from Minneapolis to Milwaukee, Wisconsin; and on October 3, 2009; Plaintiff also was scheduled from Minneapolis to Kansas City, Missouri; on both dates and places Hotels were out of rooms designated for Greyhound Operators. On each occasion, Defendant was informed and Plaintiff was authorized to pay Hotel market rate if available and submit receipts for reimbursement; requests were honored in all States as authorized. Requests since honored and receipts submitted as instructed defendant failed to reimburse

1

>expenses; each time plaintiff asked reimbursement defendant responded with Dept. of Transportation log violation intimidations or work suspension, reimbursement denial continued to termination and remained unpaid.

ECF No. 1 at 4. The complaint seeks damages of $475,000 "[t]o alleviate Plaintiff income loss and damages associated with debt default obligations and bad credit caused by breach of contract in addition to fraudulent practices to evade reimbursement." *Id.* at 5. Using the check boxes on the complaint form, Anunka identified "diversity of citizenship" and "federal question" as the basis for federal court jurisdiction. *Id.* at 3. Defendant Greyhound moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

## DISCUSSION

1. <u>Subject Matter Jurisdiction</u>

No federal question being apparent on the face of the complaint, and because the submissions in connection with Greyhound's motion to dismiss reflected that the hotel reimbursements at issue amounted to $304.45, the Court gave the parties a chance to address the issue of jurisdiction. *See* ECF No. 35; *see also Jader v. Principal Mut. Life Ins. Co.*, 925 F.2d 1075, 1077 (8th Cir. 1991) ("Federal courts are courts of limited jurisdiction and the threshold requirement in every federal case is jurisdiction."). Both parties made a submission and took the position that jurisdiction exists, although for different reasons.

Anunka's response focuses on his claim that diversity jurisdiction exists. *See* ECF No. 36. He contends that the failure to reimburse him $304.45 in hotel expenses resulted in him being deprived of income to pay his bills.[1] He states that Greyhound's "loan breach" destroyed his credit worthiness and he has been "denied approximately $2 million in credit and loan

---

[1] Anunka also refers to his lost wage income, resulting from the termination of his employment. But that income loss would not be recoverable as damages for a breach of contract, fraud, or minimum wage claim based on Greyhound's alleged failure to compensate him for expenses that it had agreed to reimburse.

requests." *Id.* at 2. He attaches a collection notice for $826 and multiple letters denying him credit cards and other forms of credit. ECF No. 36-1. But Anunka does not identify any legal theory that would entitle him to collect damages satisfying the $75,000 jurisdictional amount for diversity jurisdiction, *see* 28 U.S.C. § 1332(a), resulting from the alleged failure to reimburse him $304.45. *See* ECF No. 35 at 3 n.2 (discussing Minnesota law on damages for potential claims referenced in the complaint). His submission falls short of his obligation. *See Missouri ex rel. Pemiscot County v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (noting that satisfaction of the amount in controversy requirement must be established by a preponderance of the evidence).

For federal question jurisdiction, Anunka points out that the "loan breach" was "committed across state-lines" and implicates "interstate commerce." ECF No. 36 at 2. But such facts do not support federal question jurisdiction on their own. "[F]ederal question jurisdiction extends only to 'civil actions arising under the Constitution, laws, or treaties of the United States.'" *Mamot Feed Lot & Trucking v. Hobson*, 539 F.3d 898, 902 (8th Cir. 2008) (quoting 28 U.S.C. § 1331).

Greyhound makes a different argument in favor of federal question jurisdiction. It contends that Anunka's state law claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 185, because a collective bargaining agreement ("CBA") governed his employment and is implicated by his complaint. But under the well-pleaded complaint rule, a federal question must generally appear on the face of the plaintiff's complaint in order to establish federal question jurisdiction. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). A federal defense, including the defense of preemption, does not usually create federal question jurisdiction. *Johnson v. MFA Petroleum Co.*, 701 F.3d

243, 247 (8th Cir. 2012). A narrow exception exists under the doctrine of "complete preemption." *See id.*; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (explaining that the doctrine applies "when the pre-emptive force of a statute is so extraordinary that it converts an ordinary state commonlaw complaint into one stating a federal claim for purposes of the well-pleaded complaint rule"). For complete preemption based on § 301 of the LMRA, "the state-law claim itself [must be] based on, or dependent on an analysis of, the relevant CBA." *Meyer v. Schnucks Mkts., Inc.*, 163 F.3d 1048, 1050 (8th Cir. 1998); *see also Hawaiian Airlines v. Norris*, 512 U.S. 246, 260 (1994) (confirming that preemption does not apply if a state law cause of action "involves rights and obligations that exist independent of the CBA").

Although Anunka's complaint does not explicitly refer to the CBA, he subsequently confirmed that it seeks to enforce one of the CBA's provisions. In particular, Article G-24 of the CBA provides that "[a]ll moneys spent by employees, which are chargeable to the Company, will be reimbursed immediately." *See* ECF 5-1. Anunka's opposition to Greyhound's motion to dismiss invokes that provision and contends that Greyhound failed to honor the obligation created by Article G-24. *See* ECF No. 11 at 2, 7. Thus his primary breach of contract claim is preempted by § 301 of the LMRA. The other claims fall within the Court's jurisdiction under the supplemental jurisdiction provision of 28 U.S.C. § 1367(a). The Court is satisfied that an exercise of jurisdiction in this case is proper and considers Greyhound's motion to dismiss on the merits.

2. Defendant Greyhound's Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling

on a motion to dismiss, a court accepts the facts alleged in the complaint as true and grants all reasonable inferences supported by the facts alleged in favor of the plaintiff. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594-95 (8th Cir. 2009). "This tenet does not apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may properly be set aside." *Id.* (internal quotation marks omitted). None of the three potential claims—breach of contract, fraud, or a minimum wage violation—can withstand Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

First, as discussed above, Anunka's potential claim for breach of contract is preempted by the LMRA. The applicable CBA provides for a grievance resolution process that culminates in arbitration. ECF No. 5-1 at 5-6. Anunka does not dispute Greyhound's contention that he failed to follow the requisite grievance process. Dismissal of the breach claim is appropriate. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-653 (U.S. 1965)); *see also Trs. of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 334 (8th Cir. 2006) (affirming dismissal of preempted claims).

Second, any potential fraud claim has not been adequately pled. Fraud must be pled with particularity. Fed. R. Civ. P. 9(b); *see Schaller Tel. Co. v. Golden Sky Sys.*, 298 F.3d 736, 746 (8th Cir. 2002) (explaining that "a plaintiff must plead such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby") (internal quotation marks omitted). Anunka's complaint merely alleges that Greyhound took "fraudulent" actions and

---

[2] Defendant also contends that the complaint should be dismissed for lack of proper service pursuant to Federal Rule of Civil Procedure 12(b)(5). In light of the disposition based on Rule 12(b)(6), the Court does not address Defendant's alternative ground for dismissal.

"defrauded" him, but does not plead any factual content to support the elements of a fraud claim, *see Davis v. Re-Trac Mfg. Corp.*, 149 N.W.2d 37, 38-39 (Minn. 1967), let alone plead them with the requisite particularity. Dismissal of the complaint to the extent it seeks to claim fraud is appropriate.[3] *See United States ex rel. v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006).

Third, to the extent the complaint seeks to assert a claim for a violation of Minnesota Statutes § 177.24, it must be dismissed as barred by the applicable statute of limitations. Greyhound contends that the two-year limitations period of Minnesota Statutes § 541.07(5) applies to Anunka's claims. In his response, Anunka invokes the six-year limitations period of Minnesota Statutes § 541.05. ECF No. 11 at 2. The nature of Anunka's potential statutory claim under Minnesota law confirms that the two-year period of § 541.07(5) applies to it.

For the statutory claim, the complaint merely contends that Greyhound's actions were in violation of Minnesota Statutes 177.24, without specification of the subdivision violated or further explanation of the nature of the alleged violation. ECF No. 1 at 4. Anunka's opposition to Greyhound's motion to dismiss shows that his theory for the alleged statutory violation is that because he was entitled to the travel expense reimbursement amounts that he did not receive,

---

[3] The pleading deficiencies render the basis for any fraud allegation in the complaint unclear. Nonetheless, to the extent any potential fraud claim is inextricably linked to the reimbursement provision of the CBA, it would also be preempted. *St. John v. International Ass'n of Machinists & Aero. Workers, Local # 1010*, 139 F.3d 1214, 1217 (8th Cir. 1998) ("[W]hen a state law tort claim is inextricably intertwined with consideration of the terms of the labor contract, it is preempted under § 301.") (internal quotation marks omitted). The complaint and Plaintiff's opposition to the motion to dismiss do not identify any actions by Greyhound other than the failure to reimburse his travel expenses. Moreover, his opposition does not identify any additional facts that could support an independent fraud claim. As such, the complaint will be denied with prejudice to the extent it attempts to state a claim for fraud.

when those amounts are subtracted from the wages that he did receive,[4] the resulting amount falls below the minimum wage required by § 177.24, subdivision 1. *See* ECF No. 11 at 3-6. To the extent Anunka seeks to assert a claim for an alleged violation of Minnesota Statutes § 177.24, such a cause of action is created by the civil action provision § 177.27, subdivision 8, which allows an "employee" to bring a civil action seeking redress for a violation of § 177.24 as well as other provisions.

> Minnesota Statutes § 541.07(5) provides for a two-year limitations period for actions
>
> for the recovery of wages or overtime or damages, fees, or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees, or penalties except, that if the employer fails to submit payroll records by a specified date upon request of the Department of Labor and Industry or if the nonpayment is willful and not the result of mistake or inadvertence, the limitation is three years.

The provision goes on to specify in parentheses that

> (The term "wages" means all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists and the term "damages" means single, double, or treble damages, accorded by any statutory cause of action whatsoever and whether or not the relationship of master and servant exists.)

Minn. Stat. § 541.07(5). The parties dispute whether or not Anunka's complaint is for "wages" under Minnesota Statutes § 541.07(5),[5] but at a minimum, his claim based on Minnesota Statutes

---

[4] His opposition confirms that he received $17 or $18 an hour for the hours that he worked on July 3, 2009, and October 3, 2009.

[5] The Court need not, and therefore does not, hold that the acknowledged "broad construction" given to the concept of "wages" in § 541.07(5), *see Kulinski v. Medtronic Bio-Medicus*, 112 F.3d 368, 371-372 (8th Cir. 1997), covers pure expenses such as travel expenses. The Minnesota cases finding that the item at issue constituted wages all relate to items such as commissions, severance benefits, accrued vacation pay, and salary increases. *See id.* (listing cases). Such items fall within the statutory definition of "wages" as they serve as "remuneration" for the employee's services or employment. Reimbursable expenses would generally fall into a distinct conceptual category and there is no indication in the statute or Minnesota cases that "wages" should be read to reach them. The scenario here differs from the Minnesota cases cited in *Kulinski* because those involved a breach of contract claim, while the

§ 177.24 is for "damages, fees, or penalties" accorded by a qualifying statutory cause of action under state law—since § 177.27 creates his cause of action.  As such, his statutory claim meets the requirements of the two-year limitations provision for the recovery of "damages, fees, or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees, or penalties."  *See id*. § 541.07(5); *see also Roble v. Celestica Corp.*, Civ. No. 06-2934, 2006 U.S. Dist. LEXIS 94067, at *4-6 (D. Minn. Dec. 29, 2006) (acknowledging that the two-year limitations period would apply to a claim for violations of minimum wage and record keeping requirements of Minnesota Statutes § 177.24 *et seq.*).  Since Anunka filed the present action in December 2013 and his alleged statutory cause of action arose in 2009, the complaint's claim for a violation of § 177.24 is time-barred under the two-year statute of limitations.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Greyhound's Motion to Dismiss [Docket No. 2] is GRANTED.
2. This case is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 20, 2014

> s/Joan N. Ericksen
> JOAN N. ERICKSEN
> United States District Judge

---

relevant claim here is for a statutory violation.  As such, the decision need not turn on the construction of "wages" in § 541.07(5) in light of the rest of the provision.